958 F.2d 1157
 294 U.S.App.D.C. 299
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jerry WILCOX, et al., Appellants,
v.
STATE FARM INSURANCE COMPANIES.
 No. 91-7026.
 United States Court of Appeals, District of Columbia Circuit.
 March 27, 1992.
 
 Before RUTH BADER GINSBURG, BUCKLEY and D.H. GINSBURG, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of counsel. The court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 In view of the parties' presentations, which circumscribe our review, we find no cause to disturb the district court's judgment. Plaintiffs recognize that a "Virginia contract [is] at issue." See Brief for the Appellants at 16. On a substantive issue, plaintiffs state, "the law of the place where the contract was issued will control." Id. at 13 (citing Stevens v. American Mut. Ins. Co., 234 A.2d 205 (D.C.App.1967)). "[W]ho to sue," plaintiffs nevertheless insist, is a matter "not substantive but rather clearly procedural." Appellants' Reply Brief at 6. Plaintiffs accordingly rely on the "well recognized" position that "the forum applies its own procedural law." Id.
 
 
 3
 Plaintiffs overlook that they chose to bring this lawsuit in federal court, invoking 28 U.S.C. § 1332 (diversity of citizenship), where they can expect application of federal rules of procedure, and not District of Columbia or Virginia rules. Cf. Harper v. Sate Farm Mut. Auto. Ins. Co., No. 61-88 (D.C.Super.Ct., order filed March 1, 1988) (D.C. trial court holds "D.C. law controls procedural aspects of litigation in a conflict of laws situation").
 
 
 4
 Plaintiffs did not urge in the district court that District of Columbia liability-determinative law, as distinguished from "procedural law," governs this controversy. As a court of review, we do not consider such a question on our own initiative. Concerning the content of Virginia law, we are satisfied that the district court's ruling is correct. See Midwest Mut. Ins. Co. v. Aetna Cas. & Sur. Co., 216 Va. 926, 223 S.E.2d 901 (1976). It is therefore
 
 
 5
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).